**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARK TERECH, individually and on behalf of the classes defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) | 11-cv-4076 |
| vs. | ) ) | Judge Leinenweber |
| FIRST RESOLUTION MANAGEMENT CORPORATION, FIRST RESOLUTION INVESTMENT CORPORATION, and LAW OFFICE OF KEITH S. SHINDLER, LTD., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **AMENDED COMPLAINT – CLASS ACTION**

## **MATTERS COMMON TO MULTIPLE CLAIMS**

### **INTRODUCTION**

1. Plaintiff Mark Terech brings this action to secure redress from unlawful credit and collection practices engaged in by defendants First Resolution Management Corporation, First Resolution Investment Corporation, and Law Office of Keith S. Shindler, Ltd.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. Specifically, plaintiff alleges that First Resolution Management

1

Corporation, First Resolution Investment Corporation, and Law Office of Keith S. Shindler, Ltd. added unauthorized interest to debts that they attempted to collect.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

5. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications and activities impacted plaintiff within this District;

    b. Each defendant does business or is located within this District.

## PARTIES

6. Plaintiff is an individual who resides in the Northern District of Illinois.

7. Defendant First Resolution Investment Corporation ("First Resolution Investment") is a Nevada corporation with principal offices in Nevada. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8. First Resolution Investment is engaged in the business of purchasing charged-off consumer debts, including credit card debts, and enforcing the debts against the consumers.

9. On information and belief, First Resolution Investment pays an average of less than ten cents on the dollar for the debts it purchases.

10. Defendant First Resolution Investment regularly uses the mails and telephones to collect debts.

11. During the last year, First Resolution Investment was the plaintiff in more than 40 lawsuits in Illinois alone seeking to collect consumer debts, and more than 500 nationwide.

12. Because the purported obligations were originally owed to other entities and were charged off prior to purchase, First Resolution Investment is a "debt collector" as defined in the FDCPA.

13. Defendant First Resolution Management Corporation ("First Resolution Management") is a corporation chartered under the law of British Columbia with offices at 400-2985 Virtual Way, Vancouver, BC, Canada, V5M4X. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

14. Defendant First Resolution Management is engaged in the business of collecting debts originally owed to others and that were charged off when First Resolution Management first undertakes to have them collected.

15. First Resolution Management manages all debts allegedly owned by First Resolution Investment and is responsible for arranging for the filing of lawsuits on such debts.

16. First Resolution Management states on its web site (www.firstresolution.com) that it "provides administrative support services, including pre-legal collections and management services."

17. First Resolution Management is a "debt collector" as defined in the FDCPA.

18. First Resolution Management and First Resolution Investment are

affiliates.

19. Defendant Law Office of Keith S. Shindler, Ltd. ("Shindler") is a law firm organized as an Illinois corporation with offices at 1990 East Algonquin Road, Suite 180, Schaumburg, Illinois. Its registered agent and office is Kenneth A. Goldstein, 500 West Madison Street, Suite 3700, Chicago, IL 60661.

20. Shindler's practice consists primarily of the collection of debts owed to others and incurred for personal, family or household purposes.

21. Shindler is a "debt collector" as defined in the FDCPA.

## FACTS - GENERAL

22. Most of the debts which defendants seek to collect are delinquent credit card accounts formerly held by banks.

23. Defendant First Resolution Investment often purchases, or claims to purchase, credit card debts from banks months or years after the bank has charged off the debts.

24. Standard form credit card agreements used by banks provide that the terms of the agreement can be changed from time to time, and that changes beneficial to the consumer such as a reduction in or waiver of interest may be effected immediately and without notice.

25. Chargeoff means that the credit card receivable is no longer carried on the bank's books as an asset. Under federal regulations, a bank must charge off a credit card receivable after it has been delinquent 180 days; it may charge it off sooner. Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

26. As a standard practice, and for a variety of sound business reasons, most banks waive interest on credit card debts after chargeoff for as long as the debts are held by the banks.

27. Among other reasons for this practice, banks did not, and do not, want to increase the amount of bad debts on their books, for regulatory reasons.

28. Prior to February 22, 2010 (when the regulation was amended), banks were required to issue periodic statements on an account until the bank "[deemed] it uncollectible," or instituted legal proceedings. 12 C.F.R. §226.5(b)(2). The addition of interest could be construed as meaning that the debt was *not* deemed uncollectible. See 26 C.F.R. §1.6050P-1. Most banks prudentially did not add interest to charged off debts.

29. As amended, 12 C.F.R. § 226.5(b)(2) now requires banks to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to the account. 12 C.F.R.§226.5(b)(2)(I) ("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account. . . ."). Banks generally prefer to waive the interest and save the expense of preparing and sending statements.

30. Defendant First Resolution Management, on behalf of First Resolution Investment engages in a practice of adding interest to credit card debts after the assignor bank has waived the interest. Specifically, First Resolution Investment adds interest for the period between chargeoff and the alleged purchase by First Resolution Investment.

5

31. Shindler sues to collect such interest, and did so in the lawsuit against plaintiff.

32. On information and belief, credit card issuers report the charge-off amount to credit reporting agencies. Defendants First Resolution Investment reports an amount that includes interest for the period of time after charge-off and prior to sale of the account to a debt purchaser. In both cases, the reporting is made to anyone who may see and use credit reports, including the consumer and other creditors.

### **FACTS RELATED TO PLAINTIFF MARK TERECH**

33. On March 11, 2009, First Resolution Investment filed a lawsuit against plaintiff Mark Terech in the Circuit Court of Cook County (case number 2009 M1 120910). A copy of the summons, complaint, and exhibits to the complaint are attached hereto as Exhibits A-C. Mark Terech was served with the summons and complaint more than six months later, on or about September 29, 2009.

34. Shindler represented First Resolution Investment in the lawsuit.

35. On information and belief, the filing of the lawsuit was arranged on behalf of First Resolution Investment by First Resolution Management.

36. The lawsuit sought to collect a purported credit card debt originally owed to U.S. Bank and incurred for personal, family, or household purposes.

37. The complaint claimed that the amount of the debt was either $4035.80 or $4,385.80. (Exhibit A.)

38. U.S. Bank charged off Mr. Terech's account on August 31, 2004. (Exhibit D.)

39. At charge-off, U.S. Bank reversed a number of accrued fees, including late payment fees, other fees, and some interest. (Exhibit D.)

40. The amount of the debt at charge-off was $2,475.87. (Exhibit D.)

41. On information and belief, U.S. Bank did not send any billing statements to plaintiff after it charged off the account.

42. On information and belief, U.S. Bank allegedly sold the debt to Unifund CCR Partners on January 25, 2005. (Exhibit C.)

43. On information and belief, when U.S. Bank allegedly sold the debt to Unifund CCR Partners, the amount of the debt was $2,475.87, the same amount as when the account was charged off.

44. Between the date the account was charged off and the date U.S. Bank sold the debt to Unifund CCR Partners, U.S. Bank waived all interest and finance charges on the account.

45. On information and belief, First Resolution Investment allegedly purchased the debt on July 25, 2007, nearly three years after U.S. Bank charged-off the account. (Exhibit B.)

46. On information and belief, when First Resolution Investment purchased the debt, the face amount of the debt was $2,475.87, the same amount as when U.S. Bank charged off the account on August 31, 2004.

47. After First Resolution Investment purchased the debt, it added interest at a rate of 15.65%, beginning from August 31, 2004, the charge-off date. (Exhibit B.)

48. The service of Exhibit B on Mr. Terech was a representation by defendants that First Resolution Investment had the right to add interest to the debt for the period

between charge-off and purchase by First Resolution Investment.

49. The retroactive addition of interest is improper. An assignee steps into the shoes of the assignor as of the date the assignor sells the account, and has no right to retroactively reverse the assignor's business decision to not charge interest during a period when the assignee did not hold the account.

50. Furthermore, on information and belief, U.S. Bank and Unifund were each paid for the debt based on a percentage (about 3%) of the debt shown on its books and First Resolution Investment cannot claim that the debt was really larger. "The rule is that an assignee of a contract takes it subject to the defenses which existed against the assignor at the time of assignment." *Allis-Chalmers Credit Corp. v. McCormick*, 30 Ill.App.3d 423, 331 N.E.2d 832, 833 (4th Dist. 1975). *Accord Montgomery Ward & Co. v. Wetzel*, 98 Ill.App.3d 243, 423 N.E.2d 1170, 1175, 53 Ill..Dec. 366 (1st Dist. 1981) ("the assignee thus takes the assignor's interest subject to all legal and equitable defenses existing at the time of assignment").

51. Plaintiff Mark Terech disputed the debt and defended the state court lawsuit.

52. The lawsuit had been filed and served more than 5 years after the alleged delinquency of the credit card debt and was barred by the applicable five-year statute of limitations.

53. The lawsuit was nonsuited in April 2011.

### **COUNT I – FDCPA – CLASS CLAIM**

54. Plaintiff incorporates paragraphs 1-53.

55. This claim is against First Resolution Investment First Resolution

Management, and Shindler.

56. The addition of unauthorized interest to debts is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §§1692f and 1692f(1).

57. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
> > **(A)    the character, amount, or legal status of any debt; . . .**
>
> **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

58. Section 1692f provides:

> **§ 1692f.    Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

## CLASS ALLEGATIONS

59. Plaintiff brings this claim on behalf of 2 classes, pursuant to Fed.R.Civ.P.

9

23(a) and 23(b)(3). The classes are designated Classes IA-IB.

60. Class IA consists of (a) all individuals (b) to whose alleged debt First Resolution Investment Corporation or First Resolution Management Corporation added interest for a period prior to the alleged ownership of the debt by First Resolution Investment Corporation that had not been added by the holder of the debt at that time (c) where any document adding such interest or claiming the right to add such interest was sent or delivered to the individual at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

61. Class IB consists of (a) all individuals (b) to whose alleged debt any alleged purchaser of the debt added interest for a period prior to the alleged ownership of the debt by such purchaser that had not been added by the holder of the debt at that time (c) where Law Office of Keith S. Shindler, Ltd. sued to collect such interest and such lawsuit was pending at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

62. Each class is so numerous that joinder of all members is not practicable.

63. On information and belief, there are at least 500 members of Class IA and at least 40 members of Class IB.

64. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

   a. Whether a debt buyer can retroactively reverse the decision of a credit card issuer to not charge interest for a period when the debt is held by the issuer;

b. Whether defendants engage in a practice of adding or suing for such interest, or claiming the right to do so;

c. Whether such conduct violates the FDCPA.

65. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

66. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

67. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible;

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the classes and against defendants for:

(1) Statutory damages;

(2) Actual damages equal to any unauthorized interest paid;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT – CLASS CLAIM

68. Plaintiff incorporates paragraphs 1-53.

69. This claim is against First Resolution Management and First Resolution

Investment.

70. First Resolution Management and First Resolution Investment are each a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

71. Defendants violated the following provisions of 225 ILCS 425/9 by adding unauthorized interest to debts:

> **. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**
>
> **(26) Misrepresenting the amount of the claim or debt alleged to be owed.**
>
> **(27) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt. . . .**
>
> **(29) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law . . .**

72. Plaintiff was damaged as a result.

## CLASS ALLEGATIONS

73. Plaintiff brings this claim on behalf of a class, designated Class II, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

74. Class II consists of (a) all individuals with Illinois addresses (b) to whose alleged debt First Resolution Investment Corporation or First Resolution Management Corporation added interest for a period prior to the alleged ownership of the debt by First Resolution Investment Corporation that had not been added by the holder of the debt at that time (c) where any document adding such interest or claiming the right to add such interest was sent or delivered to the individual at any time during a period beginning five years prior to the filing

of this action and ending 20 days after the filing of this action.

75. The class is so numerous that joinder of all members is not practicable.

76. Based on a search of computerized court records, there are more than 40 persons meeting the above class definition.

77. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether a debt buyer can retroactively reverse the decision of a credit card issuer to not charge interest for a period when the debt is held by the issuer;

    b. Whether defendants engage in a practice of adding or suing for such interest, or claiming the right to do so;

    c. Whether such conduct violates the ICAA.

78. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

79. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

80. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

(1) Compensatory, nominal and punitive damages;

(2) Costs;

(3) Such other and further relief as is appropriate.

**COUNT III – DECLARATORY AND EQUITABLE RELIEF – CLASS CLAIM**

81. Plaintiff incorporates paragraphs 1-53.

82. This claim is against First Resolution Management and First Resolution Investment Corporation.

83. Defendants First Resolution Management and First Resolution Investment Corporation regularly (a) add unauthorized interest to debts (b) demand payment of such unauthorized interest and (c) on information and belief, report such unauthorized interest to credit bureaus.

**CLASS ALLEGATIONS**

84. Plaintiff brings this claim on behalf of a class, designated Class III, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

85. Class III consists of (a) all individuals (b) to whose alleged debt First Resolution Investment Corporation or First Resolution Management Corporation added interest for a period prior to the alleged ownership of the debt by First Resolution Investment Corporation that had not been added by the holder of the debt at that time.

86. The class is so numerous that joinder of all members is not practicable.

87. Based on a search of computerized court records, there are more than 500 persons meeting the above class definition.

88. There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a.    Whether a debt buyer can retroactively reverse the decision of a credit card issuer to not charge interest for a period when the debt is held by the issuer;

    b.    Whether defendants engage in a practice of adding or suing for such interest, or claiming the right to do so;

    c.    Whether such conduct should be declared unlawful and enjoined.

89. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

90. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

91. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible;

    b.    Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    (1)    A declaration that defendants may not add interest to a debt for a period prior to the alleged ownership of the debt by First Resolution Investment Corporation that had not been added by the holder of the debt at that time;

    (2)    An injunction prohibiting defendants from demanding such interest or reporting such interest to credit bureaus;

(3) Costs;

(4) Such other and further relief as is appropriate.

## COUNT IV – ILLINOIS COLLECTION AGENCY ACT – INDIVIDUAL CLAIM

92. Plaintiff incorporates paragraphs 1-53.

93. This claim is against First Resolution Management and First Resolution Investment.

94. Defendants First Resolution Management and First Resolution Investment are each a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

95. Defendants violated the following provisions of 225 ILCS 425/9 by filing a time-barred lawsuit:

> **. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

96. Plaintiff was damaged as a result.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(1) Compensatory, nominal and punitive damages;

(2) Costs;

(3) Such other and further relief as is appropriate.

        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene

EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

### NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


                s/Daniel A. Edelman
                Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

       I, Daniel A. Edelman, hereby certify that on September 21, 2011, I caused to be filed the foregoing documents via the CM/ECF System, which caused to be sent notification of such filing to the following parties via electronic mail:

David M. Schultz
dschultz@hinshawlaw.com

Jennifer W. Weller
jweller@hinshawlaw.com

Rachel H. Krayer
rhk@merlolaw.com

Thomas D. Donofrio
tdd@merlolaw.com

Thomas E. Sarikas
tes@merlolaw.com

Martin A. Kanofsky
mak@merlolaw.com


                                                         s/Daniel A. Edelman
                                                         Daniel A. Edelman