IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mark Terech, individually and on behalf of the classes defined herein, | ) ) ) |
| Plaintiff, | ) ) Case No.: 11-cv-4076 |
| v. | ) ) Judge: Leinenweber |
| First Resolution Management Corporation, First Resolution Investment Corporation, and Law Office of Keith S. Shindler, Ltd., | ) ) Magistrate Judge Brown ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

First Resolution Management Corporation ("Management") and First Resolution Investment Corporation ("Investment")(collectively "First Resolution") by and through their attorneys Hinshaw & Culbertson LLP and for their Memorandum in support of their Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) state as follows:

**INTRODUCTION**

Terech defaulted on a U.S. Bank credit card account. The account was charged off on August 31, 2004 and sold to Unifund CCR Partners. The debt was purchased by First Resolution pursuant to an assignment. As it was contractually allowed to do, First Resolution accrued interest on the debt. Terech seeks to deprive First Resolution of its contractual rights, claiming that U.S. Bank waived interest on the account prior to selling it to Unifund. Terech, however, does not allege any intentional and unequivocal acts by U.S. Bank to support waiver- he simply concludes that interest was waived. (AC, ¶44). Terech cannot support the claim of waiver by making the self serving assertion that U.S. Bank "waived" a contractual right- the Illinois courts require that for contractual waiver to be effective it must "either have induced reliance or…be

clearly inferable from the circumstances." *McElroy v. B.F. Goodrich Co.*, 73 F.3d 722, 724 (7th Cir. 1996), *citing Cole Taylor Bank v. Truck Ins. Exchange*, 51 F.3d 736, 739 (7th Cir. 1995).

The theory in the Amended Complaint is one in a long line of theories that Plaintiff's attorneys have attempted to try to prevent a debt buyer from the benefit of its assignment rights. *See Olvera v. Blitt & Gaines, P.C.*, 431 F.3d 285, 289 (7th Cir. 2005)(rejecting challenge to debt buyer's right to accrue interest on purchased credit card debt noting that "once assignors were authorized to charge interest, the common law kicked in and gave the assignees the same right"); *Neff v. Capital Acquisitions & Management Co.*, 352 F.3d 1118, 1121 (7th Cir. 2003)(holding TILA does not require purchaser of defaulted credit card debt to send periodic statements).

First Resolution, as assignee of Plaintiff's U.S. Bank debt, had the right to accrue post charge off interest on his account. Because Plaintiff fails to allege that U.S. Bank's conduct shows an intentional and knowing relinquishment of an express contractual right, Plaintiff's Amended Complaint must be dismissed.

## ALLEGATIONS OF COMPLAINT

Terech entered into a credit card agreement with U.S. Bank. (AC, Ex. A). He defaulted on his U.S. Bank credit card ("debt"). (AC, Ex. A) The debt was charged off on August 31, 2004 with a balance of $2,475.87. (AC, Ex. B, ¶4). Investment purchased the debt pursuant to an assignment and purchased all of U.S. Bank's right, title and interest in the debt including "the right to collect all principal, interest or other proceeds of any kind…" (AC, Ex. C). Defendant Law Offices of Keith S. Shindler, Ltd. filed a lawsuit on behalf of Investment against Terech for collection of the debt. (AC, ¶34). The lawsuit sought to collect $4,035.80 which included the balance at charge off plus accrued interest. (AC, ¶¶37,40,47). By serving the lawsuit, Defendants allegedly represented that they had the right to add interest to the debt for the period

between charge off and purchase. (AC, ¶48). Plaintiff disputed the debt and defended the state court lawsuit. (AC, ¶51). The lawsuit was nonsuited in April 2011. (AC,¶53).

Plaintiff claims that "[b]etween the date the account was charged off and the date U.S. Bank sold the debt to Unifund CCR Partners, U.S. Bank waived all interest and finance charges on the account." (AC, ¶44). There is no basis for this allegation, however, because Plaintiff claims that "[o]n information and belief, U.S. Bank did not send any billing statements to plaintiff after it charged off the account." (AC, ¶41). Plaintiff tacitly admits that he has no evidence that U.S. Bank intentionally waived its contractual right to charge interest- rather he speculates that U.S. Bank waived interest.[1]

Plaintiff alleges generally that "as a standard practice, and for a variety of sound business reasons, most banks waive interest on credit card debts after chargeoff for as long as the debts are held by the banks." (AC., ¶26). Terech alleges that "[b]anks generally prefer to waive the interest and save the expense of preparing and sending [periodic] statements." (AC, ¶29). Terech claims that the retroactive addition of interest is improper and that Investment "has no right to retroactively reverse the bank's business decision to not charge interest during a period when the debt was held by the bank." (AC, ¶49). On this basis Terech attempts to plead violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692, *et. seq,* and Illinois Collection Agency Act, ("ICAA"), 225 ILCS 425/1, *et. seq*. and seeks declaratory relief.

---

[1] Plaintiff alleges that "[a]t charge-off, U.S. Bank reversed a number of accrued fees, including late payment fees, other fees, and *some* interest." (AC, ¶39)(emphasis added). The referenced document shows charges for one billing cycle- the fact that U.S. Bank may have reversed "some interest" or other

3

**ARGUMENT**

**PLAINTIFFS HAVE FAILED TO ALLEGE FACTS SHOWING ANY PLAUSIBLE BASIS FOR RELIEF UNDER COUNTS I-III OF THEIR AMENDED COMPLAINT.[2]**

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(a)(2) imposes a "plausibility standard" which requires a plaintiff to plead factual allegations showing "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," fail to state a plausible claim. *Id.* Well-pleaded factual allegations are presumed true when considering a Rule 12(b)(6) motion, but legal conclusions are not. *Id.*

**A.     Waiver is an equitable doctrine and does not create an independent cause of action.**

Terech's Amended Complaint is premised on the theory that U.S. Bank waived its right to accrue interest on his charged off credit card account. Waiver, however, is an equitable doctrine invoked to further the interests of justice and is in all cases a discretionary doctrine. AMJUR Estoppel §183. Waiver is not a cause of action because it cannot create liability in and of itself and a cause of action cannot be based on a waiver. *Id.* It follows that a waiver is defensive in nature and operates to prevent the loss of existing rights. *Id.*

In this case, Terech uses waiver as the basis for claims under the FDCPA, ICAA and for declaratory relief. Plaintiff's theory, however, is misplaced because First Resolution was

---

charges on one billing statement hardly show that U.S. Bank waived its right to accrue interest on Terech's unpaid debt.

attempting to collect amounts expressly authorized by Plaintiff's credit card agreement.[3] Plaintiff should not be allowed to create statutory theories of liability against Terech based on the equitable doctrine of implied waiver. Even if implied waiver does somehow give rise to independent statutory causes of action, Plaintiff fails to plead a plausible basis for relief.

**B.     Plaintiff does not allege a clear, unequivocal and decisive act by U.S. Bank to support the claim that it waived its express right to accrue interest under his credit card agreement.**

Plaintiff does not challenge U.S. Bank's right to accrue interest under his credit card agreement. Instead, Terech alleges that "[b]etween the date the account was charged off and the date U.S. Bank sold the debt to Unifund CCR Partners, U.S. Bank waived all interest and finance charges on the account." (AC, ¶44). While Plaintiff claims U.S. Bank "waived" interest after the debt was charged off, he does not plead the basis for this assertion. On the contrary, he pleads no conduct on behalf of U.S. Bank. For example, Plaintiff alleges that "[o]n information and belief, U.S. Bank did not send any billing statements to plaintiff after it charged off the account." (AC, ¶41). Failure to send a billing statement after charge off does not demonstrate that all or part of Plaintiff's debt was waived.

Waiver arises from an affirmative act, is consensual, and consists of an intentional relinquishment of a known right. *Ryder v. Bank of Hickory Hills*, 146 Ill.2d 98, 105, 585 N.E.2d 46, 49 (Ill. 1991). A waiver of contractual rights can be implied as well as express-implied from words or actions inconsistent with the assertion of those rights. *Cole Taylor Bank v. Truck Ins. Exchange*, 51 F.3d 736, 739 (7th Cir. 1995).

---

[2]Since Plaintiff fails to state any federal claims, this court should decline to exercise supplemental jurisdiction over Plaintiff's individual ICAA claim. (Count IV).

While waiver can be implied, the party asserting implied waiver must allege a clear, unequivocal and decisive act and failure to allege such act warrants dismissal. *F.D.I.C., ex rel. Ravenswood Bank v. Republic Title Co.*, 2011 WL 1526817 (N.D.Ill. 2011). It is the breaching party's burden to present facts to establish that the non-breaching party engaged in a clear, unequivocal and decisive act. *See Ryder*, 146 Ill.2d at 108 (bank did not waive right to accelerate loans by canceling first scheduled sale of collateral securing loans, assisting borrowers relative to the sale of certain collateral and accepting loan payments from borrower). To be effective a party's intent to waive must be clear from the circumstances. *Freitas v. Brinks, Inc.*, No. 91 C 5530, 1995 WL 584347, *3 (N.D.Ill. 1995). For example, there must be some conduct indicating that compliance with a contractual provision will not be required. *Id*. The Seventh Circuit has noted that waiver is frequently limited to minor conditions, stating, "[u]nless the right waived is a minor one (this is the logic of Farnsworth's suggestion), why would someone give it up in exchange for nothing?" *Cole Taylor Bank v. Truck Ins. Exchange*, 51 F.3d 736, 739 (7th Cir. 1995).

Terech has not alleged any facts to demonstrate a purposeful waiver by U.S. Bank. Instead, he makes the self serving assertion that U.S. Bank waived interest on his defaulted account in exchange for nothing. As the Seventh Circuit has noted, "To prevent the doctrine of waiver from becoming a facile route to evading contractual obligations through self-serving testimony ('he waived'), the Illinois courts require that for a contractual waiver to be effective it must 'either have induced reliance or …be clearly inferable from the circumstances." *McElroy v. B.F. Goodrich Co.*, 73 F.3d 722, 724 (7th Cir. 1996). Plainly here, Plaintiff attempts to bring a

---

[3] First Resolution was actually seeking interest at a lower rate than that authorized by Plaintiff's credit card agreement. First Resolution was using a 15.65% rate, while Plaintiff's credit card statement shows

6

cause of action based on the assertion "U.S. Bank waived interest." This self serving allegation is insufficient to plead waiver.

**C.     Terech's reliance on the February 22, 2010 amendment to Regulation Z is misplaced.**

Terech tries to link U.S. Bank's alleged failure to send billing statements after the August 31, 2004 charge off with waiver. U.S. Bank, however, had no obligation to send periodic statements after charge off. Terech relies on an amendment to Regulation Z which became effective on February 22, 2010. 12 C.F.R. §226.5(b)(2)(i), (AC, ¶29) Assuming that the regulation requires that a card issuer send periodic statements to accrue interest after a credit card is charged off, which Defendants do not concede, Terech's account was charged off on August 31, 2004-well before the February 22, 2010 effective date of the amended regulation. The regulation is not retroactive and "[r]etroactivity is not favored in the law." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988). The version of the regulation in effect at the time of charge off in August, 2004 did not require U.S. Bank to send periodic statements on Terech's account in order to accrue post charge off interest. *See Van Slyke v. Capital One Bank*, 2007 WL 2385108, *6 (N.D.Cal.,2007)("Once accounts are charged off, Regulation Z states that creditors are no longer obliged to send statements."); *Murray v. Citibank (South Dakota), N.A.*, 2004 WL 2367742 (N.D.Ill. 2004)(finding that 12 C.F.R. §226.5(b)(2) did not require the creditor to send periodic statements when the account became delinquent). U.S. Bank had the right to accrue post charge off interest and First Resolution acquired those assignment rights.

In *Olvera v. Blitt & Gaines, P.C.,* 431 F.3d 285 (7th Cir. 2005), plaintiffs' credit card debts were sold pursuant to an assignment and the assignees filed suit to collect the debt. The

---

that U.S. Bank's APR was 23.99%.

7

Seventh Circuit noted that the practice of charging the same interest rates that the assignors had charged for the period of time between the buyers' purchase of the bad debts and their collection or abandonment was permissible under the common law of assignments. The Seventh Circuit stated, "once assignors were authorized to charge interest, the common law kicked in and gave the assignees the same right, because the common law puts the assignee in the assignor's shoes, whatever the shoe size." *Id*. at 289.

In a similar case, *Vickey v. Asset Acceptance, LLC*, 2004 WL 1510026, *2 (N.D.Ill.,2004), the court held that the Illinois Interest Act did not prohibit an assignee from charging the same rate of interest on defaulted credit card debt that the assignor charged:

> Plaintiff is asking that we find that the assignee of a debt can be prohibited by the IIA [Illinois Interest Act] from charging the full interest on the debt if the assignee could not have contracted for the same interest rate as an original creditor. Plaintiff presents no compelling reason to disregard the general rule that an assignee stands in the shoes of the assignor. *Olvera*, 2004 WL 887372 at *4, *citing Wetherell v. Thirty-First Street Building & Loan Association*, 153 Ill. 361, 39 N.E. 143, 143 (Ill.1894). The IIA regulates only the origination of loans and not the assignment of rights. *Id.* To hold otherwise would allow a debtor to receive a better interest rate than was bargained for, simply because his account was assigned to an unlicensed entity. As long as defendants charged an interest rate that was less than or equal to the amount originally contracted for, plaintiff's claims must fail. *Id*. at *4-5, 39 N.E. 143.

Here Plaintiff does not dispute that the underlying collection complaint included interest accumulated at a rate allowed by the contract. As the referenced case law establishes, Defendants were entitled to seek interest on Plaintiff's debt in the same amount as U.S. Bank and there are no allegations that establish that U.S. Bank waived its contractual rights.

    **D.**    **Plaintiff fails to allege that he suffered actual damages under ICAA.**

The ICAA requires actual damages. *See Thomas v. Arrow Financial Services, LLC*, 2006 WL 2438346, (N.D.Ill.,2006); *McCabe v. Crawford & Co.*, 272 F.Supp.2d 736 (N.D.Ill.,2003). Since plaintiff does not allege that he paid anything on the debt, including the alleged amounts that he claims are unlawful, he has not suffered actual injury. On the contrary, Plaintiff admits that he disputed the debt and the underlying lawsuit was nonsuited. (AC, ¶¶51,53). Counts II and IV should be dismissed.

### E. Plaintiff is not entitled to declaratory relief.

Count III seeks declaratory and equitable relief. "To seek a declaratory judgment, a party must show that there is 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Hickman v. Wells Fargo Bank N.A.,* 683 F.Supp.2d 779, 789 (N.D.Ill.,2010). The primary purpose of the Declaratory Judgment Act is 'to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued.' *Cunningham Bros., Inc. v. Bail,* 407 F.2d 1165, 1167 (7th Cir. 1969). It is within the court's discretion to deny declaratory relief when a more complete remedy is available. *In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. 328, 340 (N.D.Ill.,2002).

Declaratory relief serves no useful purpose. Plaintiff primarily seeks monetary relief in the nature of alleged statutory damages, actual damages, attorney's fees, compensatory, nominal and punitive damages and costs. (See prayer for relief). District courts have discretion to deny declaratory relief when a more complete remedy is available. *Hickman v. Wells Fargo Bank N.A.*, 683 F.Supp.2d 779, 790 (N.D.Ill.,2010). Accordingly, Count III should be dismissed.

130187456v1 0926124 64449

WHEREFORE, Defendants First Resolution Management Corp. and First Resolution Investment Corp., respectfully requests this Court enter judgment in its favor on Counts I-IV of Plaintiff's Amended Complaint.

Respectfully submitted,

David M. Schultz
dschultz@hinshawlaw.com
Jennifer W. Weller
jweller@hinshawlaw.com
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
phone:312-704-3000
fax: 312-704-3001

By: s/*Jennifer W. Weller*
    One of the attorneys for Defendants
    First Resolution Management Corp. and
    First Resolution Investment Corp.