IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK TERECH, individually and for classes of similarly situated people, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:11CV4076 |
| FIRST RESOLUTION MANAGEMENT CORPORATION, FIRST RESOLUTION INVESTMENT CORPORATION, and LAW OFFICE OF KEITH S. SHINDLER, LTD., | ) ) ) ) ) ) | Judge Leinenweber |
| Defendants. | ) | |

**PLAINTIFF'S SURREPLY IN OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff submits this surreply in further opposition to the defendants' motions to dismiss. For the following reasons, and those set forth in plaintiff's previously filed response, both motions should be denied.

The reply filed by First Resolution Management Corporation and First Resolution Investment Corporation (collectively, "First Resolution") contains two new and unacceptable claims.

First Resolution claimed that,

> in support of [plaintiff's] allegations Plaintiff references Exhibit D to the Amended Complaint which is allegedly a charge off statement from U.S. Bank. The charge off statement, however, states, "To reduce or avoid paying additional finance charges on your purchase balance, pay the total new balance of 983.88 by 9/20/04. Any cash balance or balance transfer *will continue to accrue daily interest until the date your payment is received.*" (Ex. D). Far from establishing that U.S. Bank waived interest, this document states that interest will continue to accrue *after* the August 31, 2004 charge off date. Accordingly, Plaintiff's exhibit contradicts his claim that U.S. Bank "waived" interest at charge off. [Docket No. 62 at 2 (emphasis as in brief).]

This argument is misleading, and ignores important parts of the exhibit. Exhibit D to the amended complaint (which is also attached as Exhibit D to plaintiff's response brief) also states that the amount of the alleged debt was being reduced to zero, through a "REVERSAL OF LATE PAYMENT FEE," a "REVERSAL OF OTHER FEES AT CHARGE OFF," and an

1

"INTEREST CREDIT ADJUSTMENT."  (Docket No. 61, Exhibit D (emphasis in original).)  In particular, the "INTEREST CREDIT ADJUSTMENT" line item shows that U.S. Bank was waiving the collection of $750.99 in interest at the time of charge-off.  (*Id*.)  Such a waiver and adjustment is totally inconsistent with the cited material (part of a printed form billing statement) suggesting the accrual of further interest, and with defendants' claim to that effect.  Thus, Exhibit D, in its entirety, supports plaintiff's claims.

A second claim made by First Resolution is totally false.  First Resolution states that,

> as Plaintiff acknowledges, First Resolution purchased the account from Unifund – not U.S. Bank – and there are no allegations as to whether Unifund charged interest after it purchased the account and sold it to First Resolution on July 25, 2007. (Am. Compl., ¶45). [Docket No. 62 at 2.]

There are such allegations in the amended complaint; these allegations, for clarity, are reproduced below:

> 42. *On information and belief, U.S. Bank allegedly sold the debt to Unifund CCR Partners on January 25, 2005. (Exhibit C.)*
>
> 43. *On information and belief, when U.S. Bank allegedly sold the debt to Unifund CCR Partners, the amount of the debt was $2,475.87, the same amount as when the account was charged off.*
>
> 44. *Between the date the account was charged off and the date U.S. Bank sold the debt to Unifund CCR Partners, U.S. Bank waived all interest and finance charges on the account.*
>
> 45. *On information and belief, First Resolution Investment allegedly purchased the debt on July 25, 2007, nearly three years after U.S. Bank charged-off the account. (Exhibit B.)*
>
> 46. ***On information and belief, when First Resolution Investment purchased the debt, the face amount of the debt was $2,475.87, the same amount as when U.S. Bank charged off the account on August 31, 2004.***[1]
>
> ...
>
> 50. *Furthermore, on information and belief, U.S. Bank and Unifund were each paid for the debt based on a percentage (about 3%) of the debt shown on its books and*

---

[1] The fact that (a) Unifund CCR Partners purchased the debt for $2,475.87 (Docket No. 51, ¶43), and (b) First Resolution Investment Corporation bought the debt from Unifund several years later for $2,475.87 (*id.*, ¶46), necessarily means that Unifund did not add or charge interest during the time that it held the debt.

> *First Resolution Investment cannot claim that the debt was really larger.*
> [Docket No. 51, ¶¶42-46, 50 (emphasis added); see Docket No. 61 at 2-3 (citing same allegations.]

The other defendant in the case – the Law Office of Keith S. Shindler Ltd. – makes arguments that are similarly misleading. (See, *e.g.*, Docket No. 63 at 2 ("U.S. Bank charged off the debt without waiving its right to collect interest," and *id*. at 4 ("documents attached to the Complaint show that U.S. Bank did not waive its right to collect interest").) The facts presented here are responsive to these claims as well.

Plaintiff need not prove his case in his complaint. See *Swanson v. Citibank NA*, 614 F.3d 400, 404 (7th Cir. 2010) ("the court will ask itself *could* these things have happened, not *did* they happen"). Plaintiff seeks leave to file a surreply in order to correct clear misstatements regarding plaintiff's allegations made in defendants' reply briefs; discovery that will take place after the motions to dismiss are denied will, on information and belief, prove that those allegations are in fact true.

For the foregoing reasons, and those set forth in plaintiff's previously filed response, defendants' motions to dismiss should be denied.

                                               Respectfully submitted,

                                               s/Thomas E. Soule
                                               Thomas E. Soule

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
Thomas E. Soule
EDELMAN COMBS LATTURNER & GOODWIN LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

# **CERTIFICATE OF SERVICE**

I, Thomas E. Soule, hereby certify that on December 12, 2011, I caused to be filed the foregoing document via the court's electronic filing system, which caused to be sent notification of such filing to the following parties via electronic mail:

David M. Schultz
dschultz@hinshawlaw.com

Jennifer W. Weller
jweller@hinshawlaw.com

Rachel H. Krayer
rhk@merlolaw.com

Thomas D. Donofrio
tdd@merlolaw.com

Thomas E. Sarikas
tes@merlolaw.com

Martin A. Kanofsky
mak@merlolaw.com

                                                  s/Thomas E. Soule
                                                  Thomas E. Soule