**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARK TERECH, <br> individually and on behalf of the classes <br> defined herein, <br><br> Plaintiff, <br><br> vs. <br><br> FIRST RESOLUTION MANAGEMENT <br> CORPORATION, FIRST RESOLUTION <br> INVESTMENT CORPORATION, and <br> LAW OFFICE OF KEITH S. SHINDLER, LTD., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br> 11-cv-4076 <br><br> Judge Leinenweber |

**PLAINTIFF'S MOTION FOR LEAVE TO
FILE THIRD AMENDED COMPLAINT**

Plaintiff Mark Terech respectfully requests leave of the Court to file a third amended complaint, a copy of which is attached hereto as <u>Appendix A</u>.

In support of this motion, Plaintiff states as follows:

1. Plaintiff brought this class action on June 15, 2011. Plaintiff alleges that Defendants First Resolution Management Corporation, First Resolution Investment Corporation, and Law Office of Keith S. Shindler, Ltd. added unauthorized interest to debts that they attempted to collect, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and state law.

2. On May 15, 2012, the court granted Plaintiff leave to file a Second Amended Complaint.

3. The defendants have not as yet filed a responsive pleading to the Second

1

Amended Complaint.

4. Plaintiff now wishes to amend the complaint further, by eliminating the class Illinois Collection Agency Act claim and by clarifying the class definition of Class IB to reflect that the members of the class are persons who were sued by the Law Office of Keith S. Shindler, Ltd. on accounts on which either First Resolution Investment Corporation or First Resolution Management Corporation added retroactive interest.

5. Pursuant to Fed. R. Civ. P. 15(a)(2): "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

6. Leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962). See also Watson v. Deaconess Waltham Hosp., 298 F.3d 102, 109 (1st Cir. 2002); Robinson v. Bodoff, 382 F.Supp.2d 229, 232 (D. Mass. 2005). A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reasons to deny leave to amend, the discretion of the district court is not broad enough to permit denial."); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 597 (5th Cir. 1981).

WHEREFORE, Plaintiff Mark Terech respectfully requests leave of the Court to file an amended complaint.

                Respectfully submitted,

                s/Francis R. Greene
                Francis R. Greene

Daniel A. Edelman
Catherine M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Francis R. Greene, hereby certify that on May 23, 2012, I caused to be filed the foregoing documents via the CM/ECF System, which caused to be sent notification of such filing to the following parties via electronic mail:

David M. Schultz
dschultz@hinshawlaw.com

Jennifer W. Weller
jweller@hinshawlaw.com

Rachel H. Krayer
rhk@merlolaw.com

Thomas D. Donofrio
tdd@merlolaw.com

Thomas E. Sarikas
tes@merlolaw.com

Martin A. Kanofsky
mak@merlolaw.com

s/Francis R. Greene
Francis R. Greene